### APPLEGATE v. WESTCHESTER HARDWOOD CO.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

APPEAL—REVERSAL—DEFECTIVE RECORD.

> Where a summons in a district court of New York city was taken out in the name of M. as plaintiff, and afterwards the name of A. was written on the margin, but M.'s name was not stricken out, nor A.'s name written in such a way as to indicate that he was substituted as plaintiff, and the subsequent proceedings did not show that A. was not at any time substituted as plaintiff, it is too late to appeal from a judgment in favor of A. to correct the record, or send it back for correction, but the judgment will be reversed.

Appeal from first district court.

Action by Loie E. Applegate against the Westchester Hardwood Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

George W. Gibbons, for appellant.

John F. Foley, for respondent.

PER CURIAM. A summons was taken out of the first district court in the name of William H. Morton, and there is proof of service of the same upon the defendant in this action. On the margin of the summons there is written in red ink the name of Loie E. Appleby, but the name of Morton is not stricken out, nor is the name of Appleby written in such a way as to indicate that he was substituted for Morton, nor is there anything in the subsequent proceedings to show that Appleby or Applegate was at any time substituted in the place and stead of Morton as plaintiff in this action. It is now too late to correct the record, or to send the return back for correction; therefore the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.